**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 09-CIV-80899-MARRA/GOODMAN

EARL HUGHES BURGEST,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

_____/

**ORDER ON PETITIONER'S MOTION REQUESTING COURT**
**TO ORDER PRODUCTION OF DISK/TAPE**

      This cause is before me on the Motion Requesting Court to Order Production of Disk/Tape # LRJ-05-43-195 of Petitioner's Alleged Arraignment Hearing of Petitioner, Earl Hughes Burgest.[1]  (06/22/2010, DE# 22.)  For the reasons below, Burgest's motion is denied.

### I.      INTRODUCTION

      On August 4, 2005, a federal grand jury sitting in the Southern District of Florida returned a two-count indictment charging Burgest with possession with intent to distribute at least five grams of crack cocaine, in violation of 28 U.S.C. §§ 841(a)(1) and (b)(1)(B).  (Case No. 05-80146, DE# 11.).  Burgest was arraigned on these charges on August 10, 2005.  (DE# 13; DE# 14.)  A jury found Burgest guilty of both counts on November 8, 2005, and on November 10, 2005, United States District Judge Kenneth A. Marra sentenced Burgest to a term of concurrently run imprisonment of 360 months on each count and eight years supervised release thereafter.  (Case No. 05-80146, DE# 49; DE# 62.)

---

[1]      On June 17, 2009, this case was referred to Magistrate Judge Patrick A. White for ruling on all non-dispositive matters by the Clerk of Court pursuant to Administrative Order 2003-19. (DE# 2.)  Magistrate Judge White transferred his referral to me on July 28, 2010, pursuant to Administrative Order 2010-79.  (DE# 23.)

Case No. 09- CIV-80899- MARRA/GOODMAN

Burgest subsequently filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on June 18, 2009. (DE# 1.) One of the grounds for his § 2255 motion is that he was neither present nor represented at his arraignment on the charges for which he was convicted. (*Id.* at p. 21.) Presently before me is Burgest's motion requesting a copy of the audio recording of his arraignment at government expense for the purpose of proving this claim. (DE# 22.)

Burgest previously contacted the court reporter assigned to his arraignment and obtained a copy of his arraignment transcript in response. (*Id.* at p. 2.) This transcript, which has been filed with the Court, contains the court reporter's certification that its contents are accurate. (*Id.* at 11.) Nonetheless, Burgest argues that the transcript is at best incomplete and likely fraudulent. (*Id.* at pp. 2-3.) In support, Burgest points out that the transcript is missing the name of the Assistant United States Attorney who appeared at the arraignment. He also contends that the transcript is incorrect because it reflects a speedy trial request -- a request which he says he made *only* at another hearing. (*Id.*)

The United States initially did not respond to this motion, and so I ordered it to respond on December 2, 2010. (DE# 24.) In its response, the United States argues that Burgest's motion should be denied because he failed to support his allegations that the transcript is inaccurate or fraudulent. (12/14/2010, DE# 25.) Moreover, the United States argues that other portions of the record confirm that Burgest was in fact arraigned, as the transcript indicates. (*Id.* at ¶¶ 4-7.) It also referred to the arraignment information sheet, which was signed by the deputy clerk and which gives notice that Burgest appeared before the presiding magistrate judge for his arraignment.

Case No. 09- CIV-80899- MARRA/GOODMAN

## II.    ANALYSIS

28 U.S.C. § 753(f), on which Burgest relies in his motion, authorizes a district court to order the clerk to provide a § 2255 petitioner, who is proceeding *in forma pauperis*, with free copies of *transcripts* within the clerk's records upon a showing that the transcript is needed to decide a non-frivolous claim before that court. *United States v. MacCollom*, 426 U.S. 317, 325 (1976). (DE# 22, p. 4)  Based upon this statute, I must deny Burgest's motion on three grounds.

First, Burgest acknowledges that he already received a copy of the transcript.  He has therefore already received the most for which § 753 provides and he has not cited any authority allowing me to require that Burgest be given a free copy of the arraignment audio recording.  § 753(f) plainly provides for provision of only a *free transcript*.  The Supreme Court has ruled that provision of a transcript in a habeas case satisfies Fifth Amendment Due Process concerns even when it is subject to other conditions (i.e., showing that the transcript is (1) needed to present a (2) non-frivolous claim).  *MacCollom*, 426 U.S at 326.  Given that there is not even an unqualified constitutional right to free transcripts to support a habeas petition, there is no justification for a broader interpretation of this plainly-worded statute.  *See id.* at 322 (stating that it is "obviously not the case" "that a right to a free transcript is a necessary concomitant of the writ").  *See also Caminetti v. United States*, 242 U.S. 470, 485 (1917) ("It is elementary that the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms").

Second, even if I could construe § 753(f) to include the right to an audio recording (*in addition to* a transcript), Burgest would not be entitled to it because he is not proceeding *in forma pauperis*.  *United States v. Espinoza-Frias*, No. 5:06-CR-55, 2010 WL 147205, at *1 (M.D. Ga.

Jan. 11, 2010) (denying § 2255 petitioner's transcript request because he had not been permitted to proceed *in forma pauperis*).  I am aware that there is no filing fee for a § 2255 petition and thus Burgest may not have realized that he should apply for pauper status so that he could satisfy that condition of § 753(f).  However, even assuming that the statute permitted me to provide Burgest with a free copy of an audio recording (which it does not) and further assuming that Burgest had already applied for and received pauper status (which he has not), his motion would still fail for yet a third, substantive reason -- Burgest has not shown the audio recording is **needed** to resolve any claim in his § 2255 petition.

28 U.S.C § 753(b) provides that a "transcript in any case certified by the reporter or any other individual designated to produce the record shall be deemed prima facie a correct statement of the testimony taken and proceedings had."  This presumption applies to arraignment transcripts. *See United States v. Lagoye*, Nos. CR-91-0654, C-94-1234, 1995 WL 392542, at *2 (N.D. Ca. June 26, 1995) (dismissing § 2255 claim that petitioner was not informed of charges because he was not present at arraignment because claim conflicted with transcript).  The transcript plainly indicates that Magistrate Judge Linnea R. Johnson directly addressed Burgest at his arraignment when she confirmed that Leon Watts was standing in for Lori Barrist as Burgest's attorney.  (DE# 22, p. 9, lns. 10-11.)  In addition, the Court Minutes of the underlying criminal case note that "Deft [sic] waived reading of indictment" and "defendant arraigned." (Case No. 05-80146, DE# 13.)  Thus, unless Burgest can rebut the statutory presumption, the Court has all that it needs to determine Burgest was at his arraignment and represented by counsel.

Nonetheless, Burgest argues two points he believes demonstrate the transcript's unreliability.[2]   The first is that the transcript does not identify the Assistant United States Attorney at his arraignment.  (DE# 22, p. 2.)  While this is certainly an omission, it is irrelevant to whether *Burgest* himself was there.  Moreover, the Court Minutes list Ellen Cohen as the AUSA at the arraignment.  (Case No. 05-80146, DE# 13.)  The second is that, according to Burgest, he demanded a speedy trial on July 27, 2005, and not at the arraignment.  (DE# 22, p. 3.)  There is nothing inherently inconsistent, however, with Burgest having voiced a speedy trial concern on two occasions.  The transcript quotes Burgest's attorney as requesting a speedy trial at the arraignment and the Court Minutes likewise reflect Defendant's speedy trial request at the same proceeding.  This second "point" is nothing but a bare assertion, contradicted by the transcript and the Court Minutes, that he was not present.

As a practical matter, it seems highly unlikely that a magistrate judge would permit an arraignment to go forward without the defendant's presence.  Thus, Burgest's unsupported allegation requires me to believe both that the court reporter incorrectly or fraudulently certified the accuracy of the transcript and that the magistrate judge was paying so little attention to the proceeding that she failed to notice the defendant being arraigned was not before her.

Finally, as pointed out by the United States and as already noted in this Order, not only is there no evidence the transcript is inaccurate or fraudulent, but there are also other documents in the record that confirm Burgest was arraigned on August 10, 2005.  These documents include the handwritten Court Minutes from the arraignment, the Arraignment Information Sheet, and a

---

[2]   Burgest also argues that the transcript indicates the charges were not sufficiently explained to him at the arraignment.  (DE# 22, p. 3.)  Even if this were true, it would not indicate that it is needed to provide him with an audio recording of the arraignment to demonstrate that he was not present.  If that were the case Burgest should have no issue taking the transcript at face value and, logically, if he were given any explanation at all of the charges it would indicate he was in fact present. Moreover, as noted above, the Court Minutes reflect that he waived reading of indictment – a scenario which, in this district at least, occurs in almost every criminal case.

Case No. 09- CIV-80899- MARRA/GOODMAN

Standing Discovery Order entered on the arraignment date. (Case No. 05-80146, DE# 13; DE# 14; DE# 15.)  In sum, Burgest falls far short of rebutting the transcript's presumption of correctness and therefore I must conclude that providing him with a copy of the audio recording of his arraignment is unneeded.

### III.    CONCLUSION

Burgest's motion (DE# 22) is denied.  28 U.S.C. § 753(f) does not provide for an audio record at government expense and, even if it did, Burgest has not satisfied the statutory prerequisites for obtaining it.

**DONE AND ORDERED**, in Chambers, in Miami, Florida, this 17th day of December, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Kenneth A. Marra
United States District Judge

All counsel of record

Earl Hughes Burgest, *pro se*